UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SINGHANIA, SANJAY & <br> SINGHANIA, SAPNA, <br>     Plaintiffs, <br><br> v. <br><br> ERIC HOLDER, U.S. Attorney General, <br> JANET NAPOLITANO, Secretary, <br> U.S. Dept. of Homeland Security, <br> ALEJANDRO MAYORKAS, Director, <br> U.S. Citizenship and Immigration Services, <br> ROBERT M. COWAN, Director, <br> National Benefits Center, <br> U.S. Citizenship and Immigration Services, <br> and <br> TRACY TARANGO, District Director, <br> Dallas District Office, <br> U.S. Citizenship and Immigration Services, <br>     Defendants. | § § § § § § § § § § § § § § § § § § § § | CASE NO. 3:11-CV-0348-B |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred Defendant's Motion to Dismiss Complaint for Lack of Jurisdiction, filed July 20, 2011, to the United States Magistrate Judge. Plaintiffs failed to file a response, and the time to file a response expired.

On February 22, 2011, Plaintiffs Sanjay and Sapna Singhania ("Plaintiffs") filed an "Original Complaint for Writ in the Nature on Mandamus" ("Compl., doc. 1") seeking an order from the District Court compelling action on Plaintiffs' Application for Naturalization (Form N-400, filed April 1, 2010). Plaintiffs contend their application remains within the jurisdiction of Defendants who have improperly withheld action on the application to Plaintiffs' detriment. (Compl. doc.1.)

District courts have original jurisdiction over actions in nature of mandamus to compel federal officials to perform a duty when "(1) the individual's claim is clear and certain; (2) the

official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997). Plaintiffs contend they have exhausted their administrative remedies and made numerous inquiries concerning the status of their applications for naturalization. Plaintiffs contend that on May 6, 2010, they gave their fingerprints for Biometrics for the processing of their application and on June 2, 2010, were interviewed for their Naturalization Applications by the USCIS officer. They contend Sanjay was given results which stated that , "A decision cannot yet be made about your application", whereas Sapna was told that her application had been recommended for approval. (Compl., Ex. C and D.)

In their Motion to Dismiss, Defendants contend the Court lacks jurisdiction to consider Plaintiffs' application for naturalization because (1) removal proceedings are pending against the Singhanias and (2) alternatively, the issue raised in the Complaint is moot.

## **Undisputed Facts[1]**

Plaintiffs are citizens and nationals of India who were admitted to the United States on May 4, 1999, entering the United States through New York, New York. They are husband and wife. Sanjay was admitted as an H1B, temporary worker, with permission to remain in the United States until May 5, 2000. (Appendix ("App.") at 1.) Sapna was admitted as an H4, dependent of a temporary worker, and also had permission to remain until May 5, 2000. (*Id*. at 4.) Sanjay is the principal beneficiary of Form ETA 750 (Application for Alien Employment Certification) filed on March 15, 2002, by his employer, Tanmai Enterprises, Inc. (*Id*. at 1.) This Form ETA 750 was certified by the Department of Labor on November 9, 2003. (*Id*.) Sapna is a dependent beneficiary

---

[1]The facts stated in Defendants' motion are undisputed since Plaintiffs failed to file a response.

annotated on Form ETA 750 (Application for Alien Employment Certification) filed on March 15, 2002, by Tanmai Enterprises, Inc., on behalf of the principal beneficiary (Sanjay). (*Id*. at 4.) Singhania is the principal beneficiary of Form I-140 (Immigrant Petition for Alien Worker) filed by Tanmai Enterprises, Inc. on March 24, 2004. (*Id*. at 2.)

Sapna and their three children are annotated on Form I-140 as dependents. (*Id*. at 2.) Dependents are derivative beneficiaries of Form I-140 and derive their status from the principal. (*Id*.) The Form I-140 was approved on March 18, 2005. (*Id*.) Sanjay and Sapna Singhania filed Forms I-485 (Application to Register Permanent Resident or Adjust Status) on March 24, 2004. (*Id*. at 2, 5.) These Forms I-485 were approved on June 24, 2005, and Plaintiffs were adjusted to the status of Legal Permanent Residents as of this date. (*Id*.)

On April 6, 2010, Plaintiffs applied for naturalization by filing Forms N-400. (*Id*.) On June 25, 2010, they were both interviewed regarding their Forms N-400 by an Immigration Services Officer (ISO). (*Id*.) United States Citizenship and Immigration Services ("USCIS") granted Sapna's Form N-400 on June 25, 2010 and told Sanjay "A decision cannot yet be made about your application. (*Id*. at 5.) Plaintiffs contend in their Complaint that these were Defendants' last communications about their applications.

However, Defendants Amended Declaration Pertaining to Sanjay (App. at 001-003) shows that on May 12, 2011, USCIS served Sanjay with Form I-862 a Notice to Appear ("NTA") and placed him into removal proceedings. (*Id*. at 2.) On June 8, 2011, USCIS denied Sanjay's Form N-400 because removal proceedings were pending against him. (*Id*.) Accordingly, Sanjay has no pending unadjudicated applications with USCIS.

Sanjay's NTA has been filed in the immigration court. The first master hearing is scheduled

3

for November 3, 2011 before Immigration Judge Michael P. Byrd.[2]

On June 8, 2011, USCIS issued notification to Sapna that it intended to reconsider the decision to grant her Form N-400 pursuant to 8 C.F.R. § 335.5. (*Id*. at 5.) Section 335.5 reads, in part:

> In the event that the Service receives derogatory information concerning an applicant whose application has already been granted . . . but who has not yet taken the oath of
> allegiance, the Service shall remove the applicant's name from any list of granted applications or of applicants scheduled for administration of the oath of allegiance, until such time as the matter can be resolved.

Sapna was given 15 days to respond, as provided in § 335.5. (*Id*.) Although Sapna responded to USCIS's Motion to Reopen, she did not provide evidence to overcome the reason for reconsideration of her Form N-400. (*Id*.) USCIS served Sapna with Form I-862, the NTA on June 28, 2011, and placed her into removal proceedings. (*Id*. at 6.) Sapna's NTA has been filed in the immigration court. Sapna's first master hearing is scheduled for March 27, 2012 before Immigration Judge Osmund. On July 14, 2011, USCIS denied Sapna's Form N-400 because removal proceedings are pending against her. (*Id*.) Accordingly, Sanjay has no pending unadjudicated applications with USCIS. (*Id*.)

## **Standard of Review**

### **Rule 12(b)(1) Legal Standard**

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss.,*

---

[2] This Court verified the settings for the Singhanias hearings by calling the Immigration Judge case status hotline at 800.898.7180.

*Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). In ruling on a motion to dismiss pursuant to Rule 12(b)(1), the court may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). However, all factual allegations of the complaint must be accepted as true. *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2002).

**Subject Matter Jurisdiction of the District Court While a Removal Proceeding is Pending**

The "sole authority to naturalize persons as citizens of the United States is conferred upon the Attorney General." 8 U.S.C. § 1421(a); *see also id.* § 1421(d) ("A person may only be naturalized as a citizen of the United States in the manner and under the conditions prescribed in this subchapter"). *Rodriguez v. Meissner*, No. 3:05-CV-0657-H, 2005 WL 887709 at *3 (N.D. Tex. Apr.14, 2005). Under 8 U.S.C. § 1429, "no application for naturalization shall be considered . . . if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest."[3] Congress enacted § 1429 to end the "race between the alien to gain citizenship and the Attorney General to deport him." *See Shomberg v. United States*, 348 U.S. 544 (1980) (discussing predecessor to § 1429). The previous practice was "for both the deportation and naturalization processes to proceed along together until either petitioner's deportation or naturalization ipso facto terminated the possibility of the other occurring." *Id.* at 543. Consequently, § 1429 has become

---

[3] A Notice to Appear issued in deportation proceedings is regarded as a warrant for arrest. *See* 8 C.F.R. 318.1.

5

known as the "priority provision" of the INA, prioritizing removal proceedings and delaying the Attorney General's consideration of a naturalization application until after any pending removal proceedings are completed. *See id*. at 542-44.

According to the Fifth Circuit Court of Appeals, § 1429 divest a district court of subject matter jurisdiction while a removal proceeding is pending. In *Saba-Bakare*, it affirmed a district court that held it lacked subject matter jurisdiction to consider § 1421(c) claims while a removal proceeding was pending. 507 F.3d 337, 340 (5th Cir. 2007) (while removal proceedings are pending, 8 U.S.C. § 1429 precludes the district court and USCIS from having jurisdiction under either 8 U.S.C.§ 1447(b) or 8 U.S.C. § 1421(c) to consider naturalization).[4] Subsequent decisions in this district have also required dismissal without prejudice for lack of subject matter jurisdiction where a plaintiff seeks § 1421(c) review while a removal proceeding against him is pending. *Ogunsanya v. Napolitano*, No. 3:09-CV-0607-L, 2010 WL 243146 at *2 (N.D. Tex. Jan. 19, 2010); *Olaoye v. Kehl*, 3:08-CV-1611-O, 2009 WL 2222880, at *1 (N.D. Tex. July 24, 2009); *Lama v. Tarango*, No. 3:10-CV–108-L, 2010 WL 4279439, at *2 (N.D. Tex, Oct. 22, 2010); *Mahdi v. Tarango,* No. 3:08-CV-1047-BF, 2008 WL 5329619 at *1 (N.D. Tex. Dec. 18, 2008) (same); *Esomo v. Barrows*, No. 3:07-CV-1814-K, 2008 WL 3172779, at *2 (N.D. Tex. July 25, 2008) (same). The

---

[4] The circuits are split on whether § 1429 directly strips district courts of jurisdiction to review the denial of applications for naturalization while removal proceedings are pending. *Khodari v. Napolitano*, No. 3:10-CV-0382-G, 2010 WL 4627810, at * 2 (N.D. Tex. Nov. 16, 2010). For example, in *Zayed v. United States*, 368 F.3d 902 (6th Cir. 2004), the court held that the statute limits the scope of judicial review and availability of meaningful relief. *See De Lara Bellajaro v. Schiltgen,* 378 F.3d 1042, 1046-47 (9th Cir.2004) ("[T]he district courts have jurisdiction to review the denial but the scope of review is limited to 'such' denial."), and *Ngwana v. Attorney General of the United States,* 40 F.Supp.2d 319, 321 (D.Md.1999) (holding that § 1429 does not divest the district court of its jurisdiction while a deportation proceeding is pending), with *Petition of Terzich,* 256 F.2d 197, 200 (3rd Cir.) (divesting jurisdiction while removal proceedings are pending) and *United States v. Ali,* 757 F.Supp. 710, 713 (W.D.Va.1991) (same).

Fifth Circuit explained that the authority that courts had previously held to naturalize aliens was removed when the 1990 amendment of § 1421 granted the Attorney General exclusive authority to naturalize aliens. *Saba-Bakare*, 507 F.3d at 340. The Fifth Circuit holds that § 1429 requires an applicant to "wait until the termination of the removal proceeding before either a district court or the USCIS entertains a question regarding his naturalization application. *Id.*

## Analysis

Contrary to the allegations the Complaint, Plaintiffs have no unadjudicated applications for naturalization pending with USCIS. USCIS initiated removal proceedings against the Singhanias by issuing and serving an NTA to each of them. 8 U.S.C. § 1229(a). The NTAs have been filed with the Dallas immigration court.

This Court lacks mandamus jurisdiction over USCIS concerning applications for naturalization which are not pending. The Court also lacks subject matter jurisdiction to consider the Singhanias's naturalization complaint while removal proceedings are pending. This court cannot exercise independent jurisdiction to order Plaintiffs naturalized. Removal proceedings were initiated by USCIS's issuance and service of the NTAs on May 20, 2011, and June 28, 2011, and commenced by Immigration and Customs Enforcement's (ICE) filing the NTAs with the immigration court. 8 U.S.C. §§ 1229 and 1229a. Because removal proceedings are pending, the Court does not have jurisdiction to grant or consider any issue regarding the Singhanias's previous applications for naturalization. This Court recommends that the District Court dismiss the Complaint for lack of subject matter jurisdiction under Rule 12(b)(1) and 8 U.S.C. § 1429.

Alternatively, the issues are moot. If the question of mootness arises, a court must resolve it before it can assume jurisdiction. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). A petition

for mandamus to compel agency action is rendered moot when the agency takes action which grants the relief requested in the mandamus petition. *Thompson v. United States Dep't of Labor*, 813 F.2d 48, 51 (3d Cir. 1987) (action for declaratory and mandamus relief from hold placed on administrative complaint rendered moot when agency reactivated complaint); *Gray v. Office of Personnel Management*, 771 F.2d 1504, 1514 (D.C. Cir. 1985) (mandamus to compel agency decision became moot when agency rendered decision); *Kansas City Power & Light Co. v. Public Serv. Comm'n*, 651 F.2d 595, 596 (8th Cir. 1981) (mandamus to compel agency to grant hearing rendered moot when agency granted hearing); *Syntax Agribusiness v. United States Int'l Trade Comm.*, 617 F.2d 290, 291 (C.C.P.A. 1980) (mandamus to compel ITC investigation rendered moot by ITC vote to conduct preliminary investigation); *Crist v. U.S. Dept. of Labor*, 578 F. Supp. 405, 406 (S.D.N.Y. 1984) (request for mandamus relief moot because decision which plaintiff sought to compel was rendered (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 372, 477-78 (1990)).

In the Complaint, Plaintiffs requested a writ in the nature of mandamus that USCIS adjudicate their applications for naturalization. USCIS adjudicated the applications when it denied Sanjay's N-400 application for naturalization on June 8, 2011, and Sapna's application for naturalization on July 14, 2011.  Accordingly, the applications have been adjudicated, the issues are moot, and the Complaint should be dismissed under Rule 12(b)(1).

## RECOMMENDATION

Because removal proceedings are pending, the Court does not have jurisdiction to grant or consider any issue regarding the Singhanias' previous applications for naturalization. Accordingly, this Court recommends that the District Court dismiss the Complaint for lack of subject matter jurisdiction under Rule 12(b)(1) and 8 U.S.C. § 1429.  Alternatively, because the issues raised by

the application for writ of mandamus have been decided by USCIS, the District Court should dismiss the Complaint as moot under Rule 12(b)(1).

Signed, October 6, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).